**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**WILLIAM ROKER,**

      **Plaintiff,**

**vs.**                                                  **CASE NO. 1:07CV10-MMP/AK**

**JAMES MCDONOUGH, et al,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 complaining that the DOC policy requiring inmates to be clean shaven [F.A.C. §33-602.101(4)] unconstitutionally infringes upon his religious rights.  (Doc. 1).  This is an issue that has been litigated and resolved in favor of the DOC policy on the basis that regulation of hair and beard length is a legitimate security concern.  See Muhammad v. Crosby, 2007 WL 604937 (N.D. Fla.); Harris v. Chapman, 97 F.3d 499, 503 (11th Cir. 1996).  Plaintiff argues that he has been a Muslim for 9 years and one of his religious tenets forbids shaving.  This Is the precise argument resolved previously in favor of the security concerns with having facial hair that can conceal weapons or hide identity.  Consequently, since this issue has been resolved with certainty in this and other circuits, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. §1915A without service upon the named defendants.

Since this is the recommendation of the undersigned, it is also recommended that the three motions for injunctive relief (docs. 7, 20 and 21) also be denied because

there is not a substantial likelihood that it will be successful on the merits.  See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (plaintiff must establish four requirements for injunctive relief:  substantial likelihood of success on the merits; substantial threat of irreparable injury if the injunction were not granted;  the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant;  and granting the injunction would not disserve the public interest).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983), *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  It is also **RECOMMENDED** that Plaintiff's motions for injunctive relief (docs. 7, 20 and 21) be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this *14th* day of May, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**


**No. 1:07cv10-mmp/ak**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

No. 1:07cv10-mmp/ak